Luke A. Wake, Cal. Bar No. 264647*
Damien M. Schiff, Cal. Bar No. 235101*
Jeffrey W. McCoy, Cal. Bar No. 317377*
Charles Yates, Cal. Bar No. 327704*
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
LWake@pacificlegal.org
DSchiff@pacificlegal.org
JMcCoy@pacificlegal.org
CYates@pacificlegal.org
   *Admitted Pro Hac Vice

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INSIDE PASSAGE ELECTRIC COOPERATIVE and ALASKA POWER ASSOCIATION,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>U.S. DEPARTMENT OF AGRICULTURE; and THOMAS VILSACK, in his official capacity as U.S. Secretary of Agriculture,<br><br>　　　　Defendants. | Case No. _____ |

**DECLARATION OF CRYSTAL ENKVIST**

I, Crystal Enkvist, declare that:

1. I make this statement of my own personal knowledge and if called to testify, could and would testify truthfully thereto.

2. I am a resident of Anchorage, Alaska, and the Executive Director of the Alaska Power Association (Association). In this capacity I speak on behalf of Association members in advocating for their goals of delivering electric energy and other services at the best value to their customers.

3. I frequently talk with Association members about their concerns, including concerns over the U.S. Department of Agriculture's decision to reimpose the Roadless Rule in the Tongass National Forest. And on behalf of our members, I filed a comment letter opposing reimposition of the Roadless Rule.

4. The Association is a statewide trade association, representing the electric utilities that supply power to more than a half-million Alaskans from Utqiagvik to Unalaska, through the Interior and Southcentral, and down the Inside Passage.

5. The Association's membership includes electric cooperatives, publicly-owned electric utilities, as well as privately-owned utilities. And Association members pay annual dues to be a part of the Association.

6. The Association is governed by a Board of Directors. The Board is comprised of elected Directors, with each active member of the Association proposing a nominee.

7. The Association has seven members providing utility services in the Tongass and Chugach National Forest regions. This includes Alaska

Electric Light and Power, Alaska Power and Telephone, Alaska Village Electric Cooperative, Cordova Electric Cooperative, Inside Passage Electric Cooperative, Metlakatla Power & Light, and Southeast Alaska Power Agency.

8. Association members want to further develop the energy infrastructure in Southeast Alaska and have identified opportunities for developing renewable energy projects within Roadless Rule areas. But the Roadless Rule presents formidable barriers to harnessing renewable energy sources or otherwise developing infrastructure within the Tongass and Chugach National Forests.

9. As such, the Roadless Rule inhibits Association members from investing the resources required to pursue potential projects in the Tongass and Chugach National Forests. For that matter, some Association members have held off taking even preliminary steps to develop project ideas in these areas because they cannot justify expending resources to pursue projects that are effectively foreclosed by the Roadless Rule.

10. For example, one Association member has contemplated a project within the Chugach National Forest; however, it determined that this project was infeasible with the Roadless Rule in place. If the Department should ever lift the Roadless Rule, this member will reevaluate the viability of this project; however, with the Roadless Rule in place, the member has determined that it cannot move forward.

11. Further, even during the short time where the Department had exempted the Tongass from the Roadless Rule, other Association members found it imprudent to plan infrastructure projects because of the uncertainty they faced knowing that the Department still claimed discretionary powers to impose, withdraw, and reimpose Roadless Rule restrictions from one administration to the next. They could not justify devoting significant resources into projects that would have to be scuttled with reimposition of the Roadless Rule. And the Department's decision to reimpose the Roadless Rule proves that these concerns were well founded.

12. Still, Association members need access to Roadless Rule areas if they are to improve their energy infrastructure going forward. For example, one Association member anticipates a need for developing a hydroelectric project in the Tongass within the next ten years because it has reached maximum generating capacity for peak loads. While this member anticipates the need for more electric power, studies confirm that hydroelectric is their only viable option going forward. But a hydroelectric project is infeasible without road access.

13. Additionally, the Roadless Rule impedes Association members' ability to access and maintain existing facilities, powerlines, diversion pipes, etc. For example, one Association member has confirmed that it must maintain existing roads within Roadless Rule areas in order to ensure continued access

to its transmission lines. And other Association members have confirmed that the Roadless Rule is a problem because it impedes development of new roads near existing transmission lines.

14. Certain Association members that operate in the Tongass and Chugach National Forests could lower their maintenance costs for their existing utility systems if they could obtain road access through Roadless Rule areas. One Association member has had increased maintenance costs in recent years—which have been passed on to consumers—because it has been limited to accessing many miles of existing transmission lines mostly by helicopter. If the Roadless Rule were vacated, it would work to facilitate road construction along this corridor.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

Executed on 5 September, 2023, at Anchorage, Alaska.

_____
CRYSTAL ENKVIST